[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY
The defendant has moved to disqualify the plaintiff's counsel front further proceedings in this case, which is a personal injury action resulting from a motor vehicle accident occurring CT Page 5085-t on or about April 16, 1999. During a deposition of the defendant on November 10, 1999, it was learned that a member of plaintiff counsel's law firm represented the defendant approximately ten years ago, when the defendant was arrested for criminal felony charges. That matter resulted in a criminal felony conviction of the defendant.
The defendant now moves to disqualify the plaintiff's counsel from representing the plaintiff further in this action, citing Rule 1.9 of the Connecticut Rules of Professional Conduct,
subsection (2), which states:
 "A lawyer who has formerly represented a client in a matter shall not thereafter: (2) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known."
The defendant argues that plaintiff's counsel, who represented her on her felony criminal charge, has knowledge of her conviction record and finances from ten years ago.
The plaintiff, in objecting to the defendant's Motion to Disqualify, cites Rule 1.9, subsection (1) of the ConnecticutRules of Professional Conduct, which states:
"A lawyer who has formerly represented a client in a matter shall not thereafter:
 (1) Represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation."
The plaintiff's counsel, while admitting that his law firm represented the defendant approximately ten years ago in a criminal case, claims that the present motor vehicle personal injury matter is "clearly not the same or substantially related" to the criminal case subject matter, and, thus Rule 1.9(2) does not apply. Additionally, plaintiff's counsel argues that Rule 1.9(1) does also not apply, as the defendant's felony conviction is a matter of public record and has become "generally known." Thus, the criminal felony conviction is "subject to use [if, in fact, CT Page 5085-u it is `usable' in this case] by any attorney who represents the plaintiff in this action."
Plaintiff further argues that she should be entitled to be represented by counsel of her choice, and wishes her present attorney to continue representation.
The conduct of attorneys is regulated by the Rules ofProfessional Conduct. The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys. State v. Jones,180 Conn. 443, 448 (1980). The trial court has broad discretion to determine whether there exists a conflict of interest that would warrant disqualification of an attorney. State v. Jones, supra;Bergeron v. Mackler, 225 Conn. 391, 397 (1993).
"Disqualification should be granted only upon a showing that the relationship between the issues in the prior and present cases is `patently clear' or when the issues are `identical' or essentially the same." Bergeron v. Mackler, supra at 399;Government of India v. Cook Industries, Inc., 569 F.2d 737, 739
(2d Cir. 1978).
While the appearance of impropriety is one factor the trial court may consider, it will no: stand alone to disqualify an attorney in the absence of any other indications that the attorney's representation risks violating the Rules ofProfessional Conduct. Bergeron v. Mackler, supra, 399; State v.Jones, supra, 452-453; State v. Bunkley, 202 Conn. 629, 653-654
(1987).
In the present case, the court has considered the relationship between the attorney's representation of the defendant for her criminal charges approximately ten years ago, and his representation of the plaintiff against his former client in this motor vehicle personal injury claim. The court does not feel that the relationship between counsel's representation of the defendant in her prior matters offers a sufficient relationship to the facts surrounding this present matter to disqualify the plaintiff's attorney.
"The standards for attorney disqualification are directed at protecting client confidences. They may not be used to restrict an individual's ability to select counsel of choice. . . ." CT Page 5085-vBergeron v. Mackler, supra, 400.
Wherefore, the defendant's Motion to Disqualify plaintiff's counsel is hereby denied.
The Court
 By _____________________ Arnold, J.